[Cite as *State v. Sims*, 2024-Ohio-1161.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

STATE OF OHIO,                                   :

    Plaintiff-Appellee,              :

                                    No. 112860

    v.                                          :

DONNIE SIMS,                                     :

    Defendant-Appellant.             :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** DISMISSED
**RELEASED AND JOURNALIZED:** March 28, 2024

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-19-638997-A

---

### *Appearances:*

Allison S. Breneman, *for appellant*.

MICHAEL JOHN RYAN, J.:

{¶ 1} Defendant-appellant Donnie Sims was convicted in a trial by jury of 13 counts of rape in violation of R.C. 2907.02(A)(1)(b), three counts of gross sexual imposition in violation of R.C. 2907.05(A)(4), ten counts of illegal use of a minor in nude material or performance in violation of R.C. 2907.323(A)(2), three counts of child endangering in violation of R.C. 2919.22(B)(1), three counts of having weapons while under disability in violation of R.C. 2923.13(A)(2), three counts of attempted

rape in violation of R.C. 2923.02 and 2907.02(A)(1)(b), one count of kidnapping in violation of R.C. 2905.01(A)(4), and two counts of felonious assault in violation of R.C. 2903.11(A)(1). The court further found him guilty of notice of prior conviction, repeat violent offender, and sexually violent predator specifications and sentenced him to life in prison without the possibility of parole.

{¶ 2} Appellant filed a direct appeal alleging his convictions were not supported by sufficient evidence, were against the manifest weight of the evidence, and that his counsel was ineffective. A panel of this court determined there was insufficient evidence to support two of the attempted rape convictions and vacated those convictions. *State v. D.S.*, 8th Dist. Cuyahoga No. 109346, 2021-Ohio-1725, ¶ 79. On May 22, 2023, the trial court held a hearing at which it dismissed the two attempted rape convictions. Appellant filed a notice of appeal of the order dismissing the convictions.

{¶ 3} Counsel appointed to represent appellant in the instant appeal has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and requested leave to withdraw as counsel. *Anders* held that where, after a conscientious examination of the case, appellate counsel is unable to find any meritorious issues for review, counsel may inform the court and request permission to withdraw from the case. *Id.* at 744. In addition, the request must be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished to the indigent defendant and time allowed for him or her to raise any points that he or she chooses; the court — not

counsel — then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal. *Id.* If this court determines that one or more legal points have merit, the defendant will be afforded counsel to argue the appeal. *Id.*

{¶ 4} In its brief on appeal, appellant's counsel stated that she had carefully reviewed the trial record, examined the relevant case and statutory law, and determined that the trial court did not commit any errors that prejudiced the defendant. This court gave appellant the opportunity to file a pro se brief, but appellant did not do so.

{¶ 5} We have carefully reviewed the record and counsel's brief, and agree the appeal is wholly frivolous and without merit. Further, we find no reversible error in the record. The requirements in *Anders* having been satisfied, the appeal is dismissed and counsel's motion to withdraw is granted.

It is ordered that appellee recover from appellant costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHAEL JOHN RYAN, JUDGE

EILEEN T. GALLAGHER, P.J., and
ANITA LASTER MAYS, J., CONCUR